UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ONPATH FEDERAL CREDIT UNION                    CIVIL ACTION

VERSUS                                         NO. 20-1367

UNITED STATES DEPARTMENT OF                    SECTION "R" (2)
TREASURY, COMMUNITY
DEVELOPMENT FINANCIAL
INSTITUTIONS FUND

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiff's breach-of-contract claim for lack of subject-matter jurisdiction.[1]  Because the Court finds that it lacks subject-matter-jurisdiction over plaintiff's breach-of-contract claim, it grants defendant's motion.

## I.    BACKGROUND

This case is a dispute over federal grants.  In fiscal years 2006, 2007, 2008, 2009, 2011, and 2012, plaintiff, OnPath Federal Credit Union ("OnPath"), received various grant awards totaling $12,595,432.00 from defendant, the U.S. Department of Treasury's Community Development

---

[1]    *See* R. Doc. 9.

Financial Institutions Fund ("Fund").[2]  On or about October 6, 2014, the U.S. Department of Treasury's Office of Inspector General ("OIG") initiated an audit of Onpath's grant awards.[3]  Upon completing the audit, the OIG found that OnPath submitted invalid information in its application materials.[4]  The Fund terminated OnPath's grant agreements and demanded repayment of previously awarded funds in the amount of $12,298,806.00.[5]

OnPath filed this lawsuit on May 4, 2020.[6]  OnPath sought review under Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (2018), and sought a declaratory judgment from this Court.  Specifically, OnPath asks the Court to declare, among other things, that the Fund wrongfully terminated the grant agreements and that OnPath was eligible to receive the awards at issue.[7]  In addition, OnPath asserts a breach-of-contract claim.[8]  Here, OnPath alleges that the grant agreements are contracts and that the Fund

---

[2]    *Id.* at 6, ¶ 26.
[3]    *Id.* at 7, ¶ 29.
[4]    *Id.* at 7-8, ¶¶ 34-37.
[5]    *Id.* at 9, ¶ 45.
[6]    *See id.*
[7]    See R. Doc. 1 at 15, ¶ 92.
[8]    *See id.* at 15.

breached the terms of those contracts.[9]  In in its prayer for relief, OnPath seeks actual damages.[10]

In response to OnPath's complaint, the Fund filed this motion to dismiss.[11]  The Fund asserts that this Court lacks subject-matter jurisdiction over OnPath's breach-of-contract claim.  The Fund argues that OnPath's breach-of-contract claim falls squarely within the exclusive jurisdiction of the Court of Federal Claims.[12]  In its response, OnPath does not dispute that this Court lacks subject-matter jurisdiction over its breach-of-contract claim. Instead, OnPath asks that the Court dismiss its breach-of-contract claim without prejudice.[13]  The Court considers the motion below.

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject-matter jurisdiction.  "The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss."  *Randall D. Walcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).  The Court must grant a motion to dismiss for lack of subject-matter jurisdiction when it lacks

---

[9]    *See id.* at 16 ¶¶ 94, 97.
[10]   *See id.* at 17, ¶ 99(f).
[11]   *See* R. Doc. 9.
[12]   *See id.* at 1.
[13]   *See* R. Doc. 11 at ¶ 4.

3

the statutory or constitutional authority to adjudicate the case. *See Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2018), provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  The Little Tucker Act, 28 U.S.C. § 1346(a) (2018), confers exclusive jurisdiction upon the Court of Federal Claims for breach-of-contract claims against the United States, where the amount in controversy exceeds $10,000.  *See* 28 U.S.C. § 1346(a); *see also Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995) ("We have consistently refused to allow district courts to adjudicate issues which belong solely to the Court of Claims, even though some other statute conferring jurisdiction would otherwise allow the district court to hear the case.").

To determine whether OnPath's breach-of-contract claim falls within the exclusive jurisdiction of the Court of Federal Claims, courts ask whether the claim (1) sounds in breach of contract, (2) is against the United States

and (3) whether the amount in controversy exceeds $10,000.  *See Refaei v. McHugh*, 624 F. App'x 142, 148 (5th Cir. 2015) ("Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims sounding in breach of contract against the United States that exceed $10,000."); *Patterson v. Spellings*, 249 F. App'x 993, 995 (5th Cir. 2007) ("[T]he United States Court of Claims has exclusive jurisdiction over breach of contract claims against the federal government when a plaintiff seeks monetary damages in excess of $10.000.").

It is clear that OnPath's breach-of-contract claim falls within the exclusive jurisdiction of the Court of Federal Claims.  First, OnPath's second count, which it styles as a breach-of-contract claim,[14] alleging that the grant agreements are contracts and that the Fund breached the terms of those contracts,[15] "sounds in breach of contract" for the purposes of the Court of Claims's jurisdiction.  Second, OnPath asserts its breach-of-contract claim against the U.S. Treasury, which is the United States for purposes of the Tucker Act.  *See, e.g., Arrowood Indem. Co. v. United States*, 148 Fed. Cl. 299, 319 (2020) (noting that claims against the U.S. Treasury or its agents are claims against "the United States" for purposes the Tucker Act).  Third,

---

[14]     *See* R. Doc. 1 at 15.
[15]     *See* R. Doc. 16 ¶¶ 94, 97.

OnPath's prayer for actual damages,[16] in combination with the amounts in dispute, establish that the amount in controversy exceeds $10,000. *See Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008) (considering plaintiff's allegations, the circumstances of the case, and "[plaintiff's] failure to dispute the Government's allegation that [its] claim is excess of $10,000" to find that the amount in controversy exceeds $10,000). Accordingly, the Court finds that it lacks subject-matter jurisdiction over OnPath's breach-of-contract claim.

When a district court dismisses a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must do so without prejudice. *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol North America, Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it. Our precedent does not sanction the practice, . . ."). For the above reasons, the Court dismisses plaintiff's breach-of-contract claim without prejudice for lack of subject-matter jurisdiction.

---

[16]     *See* R. Doc. 1 at 17 ¶ 99(f).

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and DISMISSES OnPath's breach-of-contract claim WITHOUT PREJUDICE.

New Orleans, Louisiana, this __25th__ day of September, 2020.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE